### THE STATE *v.* OSCAR NORTON.

*Gaming—Indictment.*

An indictment for "keeping and exhibiting a sweat-cloth on which dice were played for money," based on Chapter 454, Volume 11, Laws of Delaware, "An Act for the suppression of gaming," is sufficient.

(*New Castle, September, 1892.*)

INDICTMENT for "unlawfully keeping and exhibiting a sweat-cloth on which dice were played for money."

*Branch H. Giles*, Deputy Attorney General for the State.

*John Biggs*, for the prisoner.

At the trial, Giles, Deputy Attorney General, stated in opening, that the indictment was drawn under an act in the *Revised Code* of 1874 for the suppression of gambling, *found at page 786.*

Biggs, for the defendant, moved that the indictment be quashed on the following grounds:

1.   That it does not appear in the indictment that this was a game of chance that was played, while the gist of the offence is, playing a game of chance.   The allegation that it is a game of chance is material and must be alleged, in the indictment and not being alleged, there cannot be a conviction.

2.   The detective says he was running a game of "sweat," not a game of dice; there is no such a game as "dice."

3.   Even if they had alleged that it was a game of "dice," a conviction could not be urged under it.   There was a case in Kent County during Mr. Gray's term as Attorney General, in which the indictment was drawn alleging that a game of "cards" was being played, and Mr. Harrington objected (and the Court sustained the

objection) that there was no such game as "cards," but that there is such a game as "euchre" or "whist," etc., and that the indictment should have been that it was a game of chance.

Mr. Giles: This indictment is drawn after the only similar one I have ever known to be drawn in this State, and that was drawn by Mr. Alexander B. Cooper. We are not simply charging this man with throwing dice, on some table, for instance, or on the ground, but the indictment is drawn against this man for "keeping and exhibiting a sweat-cloth on which dice were played for money."

CULLEN, J.: You contend that the allegation is necessary that it was a game of chance?

Mr. Biggs: Yes, sir.

CULLEN, J.: In the first place, in order to sustain this indictment, there must be shown a keeping and exhibiting of some one of the articles mentioned in the Act of Assemby; and in the next place, the proof that there had been by and through that particular instrument, either the playing of cards, playing of dice, "or any other game of chance, for money."

We think the indictment is sufficient.

Mr. Biggs: I understand your honors to rule that they do not have to allege that it is a game of chance?

CULLEN, J.; No; chance is one thing, dice is another, and cards is another.